**IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ELAINE LYTLE** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO: 5:21-cv-00086** |
| | § | |
| **SAN ANTONIO SHOES, INC.,** | § | **Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Elaine Lytle ("Lytle") complaining of and about Defendant San Antonio Shoes, Inc. ("Defendant"). Elaine Lytle alleges that she has suffered illegal discrimination, harassment and retaliation in violation of section 504 of the Rehabilitation Act of 1973, as amended, the Americans with Disabilities Act of 1990 (ADA) as Amended, and the Family Medical Leave Act.

1.      It is asserted Defendant has received contracts and/or federal funds and/or federal assistance and violated section 504 of the Rehabilitation Act of 1973, a law that prohibits federal contractors and subcontractors or those who receive federal funds or assistance from discriminating in employment against individuals with disabilities and requires employers to take affirmative action to recruit, hire, promote, and retain these individuals. The statute requires affirmative action and prohibits employment discrimination by Federal government contractors and subcontractors with contracts of more than $10,000. It is asserted Defendant met all provisions to establish protection and coverage for Plaintiff under the Act yet Defendant violated the act in relation to Plaintiff injuries and resulting disabilities.

2.      It is further asserted Defendant violated other provisions of section 504 of the Act.  Section 504 states that "no qualified individual with a disability in the United States

10

shall be excluded from, denied the benefits of, or be subjected to discrimination under" any program or activity that…. receives Federal financial assistance…. "

3.      It is alternatively asserted Defendant received federal financial assistance and violated the Act. The Act requires reasonable accommodation for employees with disabilities. It is not necessary to file a complaint with a Federal agency or to receive a "right-to-sue" letter before going to court.

4.      Alternatively, it is asserted that Defendant's actions violated the Americans With Disabilities Act of 1990, as amended, in discriminating against, harassing and/or retaliating against and terminating Plaintiff Lytle and/or purportedly eliminating Plaintiff Lytle's position by transferring her job duties to other employees in an effort to avoid its obligations and duties under the statute.

## PARTIES AND SERVICE

5.      Plaintiff Elaine Lytle is a resident of San Antonio, Texas within the Western District of Texas, San Antonio Division.

6.      Defendant San Antonio Shoes, Inc. is a Texas domestic corporation doing business within this District.  It may be served with process by serving its registered agent for service of process: Raul Garza, 1717 SAS Drive, San Antonio, Texas 78224.  However, a request for waiver will first be served on Defendant before service is requested.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction to hear the merits of Plaintiff's claims as they are brought under Federal Law, specifically the Rehabilitation Act of 1973, as amended, and the Americans with Disabilities Act.

8.      At the time of filing, damages are within the jurisdictional limits of this Court.

9.      All the acts alleged herein occurred within the jurisdiction of the Western District of Texas, San Antonio Division.

10.     Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

## MISNOMER/MISIDENTIFICATION

11.     In the event that Defendant is misnamed, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or that such parties are/were "alter egos" of Defendant named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## CONDITIONS PRECEDENT

12.     Plaintiff asserts that all conditions precedent to the filing of this lawsuit have been met.

13.     Plaintiff filed her original complaint with the Equal Employment Opportunity Commission alleging that the Defendant had committed and unlawful employment action against Plaintiff.

14.     Thereafter, Plaintiff received "Notice of Suit" from the EEOC on charges against Defendant, giving Plaintiff notice of her right to sue Defendant within 90 days of its receipt.

15.     The EEOC Charge was filed November 7, 2019, and later amended on July 15, 2020, to clearly indicate her retaliation claim, which facts were also included in her original charge. Her EEOC Right to Sue letter was issued on November 5, 2020, and received on or about November 7, 2020. Therefore, suit was due to be filed by February 5, 2020, and is timely filed.

16.     It is not necessary to file a complaint with a Federal agency or to receive a "right-to-sue" letter before going to court in a case involving the Rehab Act.

## FACTS

17.     In April 2015, Elaine Lytle began working for San Antonio Shoes, Inc as a Sr, Art Director. In October 2018, she worked under the supervision of the Director of Retail, Jamie Rabbito.

18.     Generally, in late June 2016, Lytle suffered an injury while on the job.  She began to realize severe pain in her shoulders in December 2018, which she related to the 2016 fall due to the way she braced herself when she fell.  As a result, on February 25, 2019, she informed the production manager, Jennifer Kephart, that she would need surgery, but didn't want to inform Ms. Rabbito at the time as she didn't have the exact dates(s) for the procedure and/or full knowledge of how long she would need off for the surgery and recovery. On March 1, 2019, Lytle was abruptly told she was being discharged due to her position being eliminated.

19.     After the initial accident, the range of motion in her arm slowly decreased with increasing pain as she tried to move normally. In early September 2018, Lytle discussed the situation with director Kim Bridgers. Kim referred Lytle to a doctor that SAS had recommended for her shoulder issues. Lytle was able to schedule an appointment for late October 2018. The SAS marketing department was an open office plan, so almost everyone in the department was aware of the issues she was having with her shoulder. The injury and pain began to affect almost every aspect of her work, especially since she was right hand dominant.  Lytle was having almost constant pain and needed help in extending, reaching, and holding her arm up.

20.     Lytle had an MRI in November 2018 that revealed a torn rotator cuff. In an attempt to avoid surgery, Lytle was going to physical therapy twice a week before coming into work, so as not to interfere with her work day.

21.     Jennifer Kephart was hired in January 2019 as project coordinator, and sat right next to Lytle.  Lytle continued with physical therapy until the end of February 2019. Her follow-up appointment on Monday February 25th showed minimal improvement with the therapy.  The doctor recommended surgical repair.  As a result, Lytle scheduled a surgical consult meeting for March 11, 2019, with her doctor

10

before she returned to the office. When she returned to the office, production manager Jennifer Kephart immediately asked Lytle what the doctor said. Lytle discussed with Jennifer that it was seeming more and more likely that she would need a surgical repair and asked her to not divulge any information to acting marketing director Jamie Rabbito until she could provide more detailed information as to dates, timing, etc that would come from the upcoming surgical consult meeting.  Lytle expected and anticipated the need for FMLA leave for her surgery and rehabilitation, yet feared retaliation and anger over any need to take time off for surgery and rehabilitation.  Lytle had heard that people were getting fired if they had absences or requested disability, medical or FMLA leave. The Defendant was aware that Plaintiff Lytle had previously requested FMLA leave for a prior medical issue.  However, Lytle had over 90 hours of PTO that would cover any time she may have needed off. Lytle went through her work week as normal.

22.     Within the week after reporting her need for leave for surgery and rehabilitation on February 25th, however, she was called into Human Resources on Friday March 1, 2019.  She was called to HR department at 3:00 pm. The acting marketing director Jamie Rabbito met Lytle in HR and informed her that her position had been terminated.  Rabbito said Lytle was an outstanding employee and she had never missed a deadline in her 4.5+ years tenure. The following week, Lytle received a call from Jennifer Kephart, who told her the remaining designers were booked and she was in a jam with deadlines on the projects Lytle was handling. Jennifer Kephart wanted Lytle to give them estimates to complete her unfinished projects on a freelance basis. Lytle sent her costs.  It was then determined that the freelance cost SAS would pay would be based on a percentage of her previous salary. Needless to say, that was the last of her communications with SAS.

23.     It is asserted she suffered discrimination and retaliation based on her disability, and/or because she was regarded as disabled and would need time off and an accommodation for her surgery and/ or recovery, in violation of the Americans with Disabilities Act of 1990, as amended and section 504 of the Rehab Act., and the Family Medical Leave Act.

## CLAIMS ARISING UNDER THE REHAB ACT

10

24.     Section 504 of the 1973 Rehabilitation Act provides protection for any person who (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such an impairment or (3) is regarded as having such an impairment. Major life activities include walking, seeing, hearing, speaking, breathing, learning, working, caring for oneself, and performing manual tasks. As a result, the statute clearly applies to the claims of Plaintiff Lytle and she is entitled to relief and damages under the Act.

25.     Again, it is contended Defendant was a recipient of federal funds, federal assistance and/or contracts and that Defendant violated the Act. During all relevant times, the employer was a "recipient of federal financial assistance," and/or federal contracts and was paid for goods or services it provided to governmental agencies or pursuant to contracts for which it received governmental funds. Defendant failed to accommodate the disabilities of Plaintiff and the conduct was solely on the basis of disability. It is further and alternatively asserted the Defendant's actions were done "intentionally."

## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

26.     The evidence will show that:

    a.  Plaintiff has a disability due to her disability, required surgery and required accommodations;

    b.  Plaintiff was qualified for her position;

    c.  Plaintiff suffered an adverse employment action in that she was terminated and/or her position was suddenly eliminated; and

    d.  The circumstances arising raise an inference of disability discrimination.

27.     Defendant was aware that Plaintiff had a disability that limited her major life activities including walking, lifting, moving and other activities.  Rather than allowing leave for her surgery and accommodating her during her recovery, Lytle's job was suddenly eliminated.  She was

terminated for a pretextural reason rather than accommodate her or engage in the interactive process.

28.     The evidence will further demonstrate that other employees without disabilities and/or that were not regarded or perceived as disabled were treated more favorably than Ms. Lytle.

## FAMILY MEDICAL LEAVE ACT VIOLATION

17.     Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq*.

19.     Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

20.     During the time that Plaintiff was employed by Defendant, she was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

21.     While Plaintiff was employed by Defendant, Plaintiff had an illness that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11).

22.     Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit the following actions:

- An employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

- An employer is prohibited from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

- An employer is prohibited from discharging or in any other way discriminating against any person, whether or not an employee, for opposing or complaining about any unlawful practice under the FMLA.

- All persons, whether or not employers, are prohibited from discharging or in any other way discriminating against any person, whether or not an employee, because that person has —

  - Filed any charge, has instituted, or caused to be instituted, any proceeding under or related to

the FMLA.

23.     Prohibited conduct by Defendant in this matter includes discrimination, harassment and interfering with her attempts to take leave under the FMLA for a serious medical condition and expected surgery and rehabilitation, discouraging an employee from using FMLA leave, manipulating an employee's work hours to avoid responsibilities under the FMLA, using an employee's request for or use of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions, or, interfering with, restraining, or denying the exercise of rights provided by the FMLA.

24.     It is asserted Defendant laid off and/or terminated Plaintiff's employment for seeking designation and/or leave under FMLA, which violates the protections of the FMLA as outlined in 29 U.S.C. § 2615(a).

26.     As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages, bonuses and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

27.     As a result of this willful violation of the FMLA, Plaintiff requests that she be awarded all damages, to which she is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.  In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above.  Plaintiff also requests any additional equitable relief to which she is entitled, including reinstatement, if warranted and/or feasible.

28.     Plaintiff also requests reasonable attorney's fees and court costs.

## **RESPONDEAT SUPERIOR**

29.     Employees involved in the discrimination and/or retaliation described herein were at

all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## DAMAGES

30.     Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, she is entitled to recover at least the following legal damages:

    a.   Lost wages, past and future;

    b.   Compensatory Damages, including Mental Anguish, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life suffered in the past, and which, in all reasonable probability, which will be suffered in the future; and damages based on damage to her reputation based on Defendant's false assertions;

    c.   Recoverable damages under the Rehab Act

    d.   Reasonable attorney fees, expert fees and costs.

    e.   Based upon the above enumerated damages, the Plaintiff pleads for actual damages for the above damage elements in an amount the jury deems reasonable.

## ATTORNEY FEES

31.     Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

    a.   Preparation and trial of the claim, in an amount the jury deems reasonable;

    b.   Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

    c.   An appeal to the Court of Appeals, in an amount the jury deems reasonable;

    d.   Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees in the event that application for Writ of Error is granted, in an amount the jury deems reasonable; and

    e.   Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## JURY DEMAND

32.     Plaintiff further demands a trial by jury.


## PRAYER FOR RELIEF

Wherefore, Elaine Lytle requests Defendant be cited to appear and answer, and that on final trial, Lytle have judgment against Defendant as set out above and as follows:

a.  Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both front and back pay) due to Defendant's violation of law;

b.  Judgment against Defendant for compensatory damages in the maximum amount allowed by law;

c.  An order that Defendant take such other and further actions as may be necessary to redress the violation of the Rehab Act, which should include forfeiture of any government funds received in 2019 and/or 2020 and/or 2021, or any other applicable time period;

d.  Pre-judgment and post-judgment interest at the maximum allowed by law; Costs of suit, including attorneys' fees; and

e.  A trial by jury and such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted

 /s/ *Adam Poncio*
**ADAM PONCIO**
**State Bar No. 16109800**
salaw@msn.com
**ALAN BRAUN**
**State Bar No. 24054488**
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**(210) 212-7979 Telephone**
**(210) 212-5880 Facsimile**

**ATTORNEYS FOR PLAINTIFF ELAINE LYTLE**